IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID HOFF, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-24-280 |
| COMMISSIONER OF CORRECTIONS, et al., | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Self-represented Plaintiff David Hoff, who was previously incarcerated at the Maryland Correctional Training Center ("MCTC"), filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against J. Philip Morgan, Commissioner of Corrections; William S. Bohrer, Warden; and John Swope, Case Management Specialist.[1] ECF No. 1.[2] Mr. Hoff alleges that Defendants caused him to remain incarcerated at MCTC after his sentence expired. *Id*. at 3-5. He further alleges that he was placed in danger when another inmate, who was on his enemy list, was transferred to MCTC while he was housed there. *Id.* at 5. Mr. Williams seeks monetary damages. *Id.* at 7.

Defendants filed a motion to dismiss, and Mr. Hoff opposes the motion. ECF Nos. 11, 13. Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Defendants' motion will be granted in

---

[1] The Clerk shall be directed to amend the docket to reflect the correct names of the Defendants. *See* ECF No. 9.

[2] Mr. Hoff filed a document which was docketed as a supplemental complaint, however, the document appears to be identical to the original complaint. *See* ECF No. 8.

part and denied in part. The motion will be granted as to Mr. Hoff's claim that Defendants failed to protect him from a known enemy. The motion will otherwise be denied.

## BACKGROUND

### A. Mr. Hoff's Allegations

Mr. Hoff alleges that on September 19, 2023, he was "court ordered to be transferred to a program," and the Maryland Department of Health scheduled him to be transferred on October 4, 2023. ECF No. 1 at 2. He alleges that Case Manager Swope prevented the transfer, telling him that he first had to appear in court on October 10, 2023. *Id*. at 3. Mr. Hoff notes that the treatment facility provides transportation and would have taken him to court on October 10, if MCTC had transferred him to the facility as planned on October 4. *Id*. Consequently, Mr. Hoff lost his bed at the treatment facility. *Id*.

On October 10, 2023, Mr. Hoff was transported to court. ECF No. 1 at 3. The judge told him that she had approved his transfer to the program on September 19, 2023, and to "speed up the process," she suspended the remainder of his sentence and placed him on probation. *Id*. The judge then called the treatment facility and was assured that a bed would be available for Mr. Hoff on October 12, 2023, at the Pyramid Facility in California, Maryland. *Id*.

On October 12, 2023, Mr. Hoff was not processed for release or transfer, and Case Manager Swope "refused to see [him] to explain." ECF No. 1 at 3. Mr. Hoff called the judge's chambers, and the judge told him that he should contact the facility because "everything was done on her end." *Id*. Mr. Hoff then called the facility who stated that their system indicated that he was to arrive and be admitted on October 12, 2023. *Id*. at 4. He was provided the phone number for the facility's transportation department, which he called and then spoke to a dispatcher who told him that no request had been made for transportation. *Id*. He talked to the dispatcher again later that

day, and she told him that she had just received a request for him to be transported on October 19, 2023. *Id*. When Mr. Hoff went to the tier office to complain about the continuing delays, Case Manager Swope insulted him by saying that he was "complaining like a baby." *Id*. Mr. Swope also accused Mr. Hoff of lying about being released on October 12, because Mr. Swope had just put in paperwork to have him transported on October 19. *Id*. at 5. Mr. Hoff contends that this statement shows that Mr. Swope knowingly failed to submit the transportation request paperwork in a timely manner, causing him to remain incarcerated for nine days past the expiration of his sentence. *Id*.

Mr. Hoff additionally alleges that MCTC was housing a prisoner on his enemy list "who wanted Hoff dead" while he was also housed at MCTC "for what appears to be months." ECF No. 1 at 5, 7. He alleges that his life was put in danger, particularly because he was not informed of the enemy inmate being at MCTC and that no "body waiver" was signed. *Id*.

**B. Defendants' Response**

Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that it fails to state a claim and contending that Mr. Hoff failed to exhaust administrative remedies prior to filing suit. ECF No. 11. Defendants submitted a memorandum and an exhibit in support of their motion.[3] ECF Nos. 11-1, 11-3.

---

[3] Defendants move only for dismissal pursuant to Rule 12(b)(6), and not for summary judgment. The exhibit is a Records Declaration attesting to the lack of any record of an ARP appeal of MCTC 0515-23 from Petitioner. Unless that exhibit is one of the small class of exhibits that can be considered without converting the motion to one for summary judgment, the court cannot and will not consider it in resolving the motion to dismiss. *See, e.g., Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015).

**STANDARD OF REVIEW**

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

### A. Exhaustion

Defendants argue that Mr. Hoff's claims must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, because he failed to exhaust his administrative remedies prior to filing suit. ECF No. 11-1 at 6. "[A]n inmate does not need to demonstrate exhaustion of administrative remedies in his complaint." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017)(citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). It is an affirmative defense that must be raised and proven by a defendant. Unless the defense is clear from the face of the complaint itself, it is not appropriate to resolve it on a motion to dismiss. For that reason alone, this contention can be rejected. In addition, the PLRA is not even applicable to Mr. Hoff regarding this suit.

The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Defendants correctly state that Mr. Hoff's claims fall within the category of "prison conditions," however, they do not address whether Mr. Hoff was a "prisoner" for purposes of the PLRA at the time he filed his complaint. ECF No. 11-1 at 6-7; 42 U.S.C. § 1997e(a). Defendants acknowledge that Mr. Hoff was transferred from MCTC to the Pyramid Healthcare residential substance abuse treatment program in California, Maryland ("Pyramid") on October 19, 2023, and that he filed his Complaint over three months later, on January 25, 2024. *Id*. at 3. They do not explain whether Mr. Hoff was a "prisoner" while he was at Pyramid. In fact, there is no indication by either party that Pyramid is a facility at which a prisoner can be detained. For his part, Mr. Hoff contends that he was not a prisoner when he filed suit; therefore, the PLRA does not apply. ECF No. 13 at 5-6. Defendants have not shown otherwise. Because Defendants fail to demonstrate that the PLRA applies to Mr. Hoff's Complaint, the case cannot be dismissed on the basis that he failed to comply with its exhaustion requirements.

**B. Failure to State a Claim**

Defendants also assert that the Complaint should be dismissed because it fails to state a claim. ECF No. 11. As to Mr. Hoff's claim regarding his untimely transportation from MCTC to Pyramid, Defendants argue that "[p]laintiff did not properly exhaust administrative remedies on the ARP that he did file regarding his delay in transportation to a residential substance abuse treatment program and alleges no injury as he is currently residing in just such a facility and receiving treatment." ECF No. 11-1 at 10. In a single sentence, Defendants reiterate their flawed exhaustion defense, seem to interpret Mr. Hoff's claim as one for injunctive relief when none is sought, and contend, without authority, that a plaintiff must allege sustaining an injury beyond having been unconstitutionally detained. *Id*. In his Complaint, Mr. Hoff alleges that his term of imprisonment expired on October 10, 2023, and he remained a prisoner in MCTC until October 19,

2023. ECF No. 1. He seeks monetary damages. *Id*. at 7. These facts clearly and concisely state a simple claim for wrongful imprisonment. *See Wilson v. Johnson*, 535 F.3d 262, 263-64 (4th Cir. 2008) (recognizing § 1983 cause of action for wrongful imprisonment of plaintiff who was detained beyond the expiration of his sentence). Defendants' motion shall be denied as to this claim.

Mr. Hoff's claim that Defendants put his life in danger when he was unknowingly housed in the same facility as an inmate on his enemy list is best construed as a failure to protect claim in violation of the Eighth Amendment. To prevail on a failure-to-protect claim, a plaintiff must show first, that the deprivation of protection from harm was an "extreme deprivation" that "was *objectively* 'sufficiently serious,'" and second, that "*subjectively* 'the officials act[ed] with a sufficiently culpable state of mind.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (first emphasis in *De'Lonta*; second emphasis in *Strickler*); *Younger v. Crowder*, 79 F.4th 373, 381-82 (4th Cir. 2023); *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014). The plaintiff can establish the objective element by showing either "'a serious or significant physical or emotional injury resulting from the challenged conditions'" or "a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *De'Lonta*, 330 F.3d at 634 (quoting *Strickler*, 989 F.2d at 1381, and citing *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). The objective inquiry requires the court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling*, 509 U.S. at 36. "[N]ot every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). Then, the detainee "must show that [the defendant]

7

'subjectively recognized' and ignored this risk." *Younger*, 79 F.4th 373 at 382 (quoting *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021)); *see Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) (court must determine whether the defendant "is aware of the existence of a general risk" and also knows that his "conduct is inappropriate in light of that risk").

Mr. Hoff alleges that, after he was transferred out of MCTC, he learned that a prisoner who was on his enemy list was at MCTC at the same time, placing his life in danger. ECF No. 1 at 5. He alleges that he was not alerted as to the presence of the enemy inmate, nor did he sign a "body waiver." *Id*. Mr. Hoff provides no other information regarding this claim. Defendants correctly argue that Mr. Hoff does not allege any injury, that he was ever in close proximity to the other inmate, or that there were any threats against him. Without more, Mr. Hoff fails to state a claim that any Defendant failed to protect him from harm in violation of his constitutional rights.[4] There is no allegation that the enemy inmate was ever in close enough proximity to cause Mr. Hoff harm, or that he credibly threatened to do so. Mr. Hoff acknowledges that he did not even know about the presence of the enemy inmate until after he had been released from MCTC. *Id*. As Mr. Hoff has not sufficiently alleged that he was placed at substantial risk of serious harm, he has not stated a claim of failure to protect. The motion will be granted as to this claim.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is granted in part and denied in part. The motion is granted as to Mr. Hoff's failure to protect claim, which shall be dismissed.

---

[4] In his response to Defendants' Motion, Mr. Hoff presents additional arguments and facts regarding this claim. ECF No. 13 at 3-5. However, even if he were permitted to amend the complaint, the new information does not cure the deficiency in his claim.

The motion is otherwise denied. Defendants shall answer or otherwise respond to the remaining claim for wrongful imprisonment within thirty (30) days.

A separate order follows.

January 15, 2025                                /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge